EVANGELO ARVANETES
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
175 N. 27th Street, Suite 401
Billings, Montana 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
vann_arvanetes@fd.org
        Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. CR-32-112-BLG-SPW** |
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION** |
| | **FOR BILL OF PARTICULARS** |
| RICHARD LEE ROGERS, | |
| Defendant. | |

COMES NOW Defendant, Richard Lee Rogers, by and through

his counsel of record, the Federal Defenders of Montana and

Evangelo Arvanetes, Assistant Federal Defender, hereby moves this

Court to direct the Government to file a Bill of Particulars with regard

to the most recent count III in the Superseding Indictment.[1]

This Motion is made for the following reasons:

1. Federal Rules of Criminal Procedure rule 7(f) provides that the Court may, in its discretion, direct the Government to file a bill of particulars.

2. A bill of particulars is used to enable adequate preparation of a defense and to avoid surprise at trial. *United States v. Geise,* 597 F.2d 1170, 1180 (9th Cir. 1979).

3. A defendant may move for a bill of particulars before or within 14 days after arraignment. "The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion. *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983).

4. The test for granting of a bill of particulars is whether the indictment is so vague that a bill of particulars is required. *Giese,* 597 F.2d at 1180.

---

[1] This motion request is filed in an abundance of caution to ensure that Mr. Rogers' Constitutional Rights are thoroughly protected in the present case. Undersigned counsel does note that throughout the case the Government has been cooperative and communicative with regard to issues and questions concerning the case.

5. "In determining of a bill of particulars should be ordered . . . , a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long, 706* F.2d at 1054. *See also United States v. Hsuan Bin Chen,* No. CR 09-110 SI, 2011 U.S. Dist. LEXIS 8455, at *4 (N.D. Cal. Jan. 29, 2011) ("A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation. Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation.") (emphasis in original).

6. On or about May 1, 2024, the Government filed a Superseding Indictment charging Mr. Rogers with an additional count of Harassing Telephone calls in violation of Title 47 U.S.C. § 223(a)(1)(E).

7. On or about May 3, 2024, Mr. Rogers appeared in front of United States Magistrate Timothy J. Caven for an Arraignment on the Superseding Indictment.  At the time, Mr. Rogers pled not guilty and was released to Pretrial Services under the same conditions.

8. According to the Government's Superseding Information, Count III reads in part: "That between in or about December 2021 and in or about October 2022 . . . , Mr. Rogers . . . knowingly made repeated interstate telephone calls and repeatedly initiated communication with a telecommunications device . . . solely to harass a person at the called number and the person who received the communication. . . ."

9. A review of Count III begs the question: who is the victim? According to a spreadsheet provided in discovery, between the dates of December 2021, and October 2022, Mr. Rogers is alleged to have made hundreds if not thousands of calls to entities such as: Governor Gianforte's office (320 calls), the White House switchboard (3,013 calls), FBI National Calling Hotline Center (NTOC) (221 calls), the Salt Lake City branch office of the FBI (949 calls), and the Billings branch office of the FBI (91 calls).

10. Moreover, the harassment statute under Title 47 is clear that the Government must prove that the harassing occurred "solely to harass any specific person." *See* Title 47 U.S.C. § 223(a)(1)(e). Within the possible entities that were allegedly harassed

(Gianforte's office, White House switchboard, FBI (Billings, Salt Lake City, and NTOC Offices)), Mr. Rogers opines, who is the specific person that he is alleged to have harassed?

11.     Based upon this new Count in the Superseding Indictment, Mr. Rogers requests that the Government provide first, the exact entity Mr. Rogers is alleged to have harassed between the dates of December 2021, and October 2022; and second, who the person is within that entity that Mr. Rogers is alleged to have harassed.

12.     Mr. Rogers makes this request for bill of particulars within the 14 days allowed from the date of Arraignment on the Superseding Indictment.

RESPECTFULLY SUBMITTED this 17th day of May, 2024.

/s/ Evangelo Arvanetes
EVANGELO ARVANETES
Federal Defenders of Montana
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on May 17, 2024, a copy of the foregoing document was served on the following persons by the following means:

1, 2   CM-EDF
___   Hand Delivery
_3_   Mail
___   Overnight Delivery Service
___   Fax
___   E-Mail

1.    CLERK, UNITED STATES DISTRICT COURT

2.    JEFFREY K. STARNES
      Assistant United States Attorney
      United States Attorney's Office
      P.O. Box 3447
      Great Falls, MT  59401
          Counsel for the United States

3.    RICHARD LEE ROGERS
          Defendant

/s/ Evangelo Arvanetes
EVANGELO ARVANETES
Federal Defenders of Montana
    Counsel for Defendant