EVANGELO ARVANETES
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
175 N. 27th Street, Suite 401
Billings, Montana 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
vann_arvanetes@fd.org
        Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. CR-23-112-BLG-SPW** |
| Plaintiff, | |
| vs. | **DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR BILL OF PARTICULARS** |
| RICHARD LEE ROGERS, | |
| Defendant. | |

COMES NOW Defendant, Richard Lee Rogers, by and through his counsel of record, the Federal Defenders of Montana and Evangelo Arvanetes, Assistant Federal Defender, hereby files said reply from the Government's Response to Mr. Roger's Motion for Bill of Particulars.

On May 31, 2024, the Government filed a reply to Mr. Roger's Motion for a Bill of Particulars.  Upon review of the Government's response, Mr. Rogers opines that two (2) of the main issues with his initial motion still exist – that is, who is the actual victim in Count III and whether that victim is a person as stated within the statute.  Mr. Rogers also seeks such a bill in order to protect Mr. Rogers Sixth Amendment right "to be informed of the nature and cause of the accusation."  U.S. Const. amend. VI.

The new charge in this case (Count III) reads as follows:  "That between in or about December 2021 and in or about October 2022, at or near Shephard, in Yellowstone County, in the State of Montana, and elsewhere, the defendant, Richard Lee Rogers, in interstate and foreign communications, knowingly made repeated interstate telephone calls and repeatedly initiated communication with a telecommunication device, during which conversation and communication ensued, **solely to harass a person** at the called number and the person who received the communication in violation of 47 U.S.C. § 233(a)(1)(E)."  (emphasis added).

By rule, a court "may direct the government to file a bill of particulars."  Fed. R. Crim. P. 7(f).  A bill serves a number of

purposes.   It helps "inform the defendant of the nature of the charge[s]," thereby affording the defendant "sufficient precision" for purposes of trial preparation.  *United States v. Birmley,* 529 F.2d 103, 108 (6th Cir. 1976).  A bill of particulars though is not intended as a means for a defendant to "obtain detailed disclosure of all evidence held by the government before trial.  *United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993).  The Ninth Circuit has explained that a bill of particulars serves three (3) functions:   "(1) to inform a defendant of the nature of the charges against him to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at trial; and (3) to protect against double jeopardy."  *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983),  Mr. Rogers does not seek the theory of the Government's case nor all evidence held by the Government, but it does not want to be surprised or prejudiced in any way at trial.  And without additional information, the specter exists for surprise and/or prejudice.

First, Mr. Rogers requests information on who the Government is asserting as the victim in Count III.  For example, during the time-period within Count III, there were thousands of calls made to several Government entities.   These Government entities include the

following:  Governor Gianforte's office (320 calls), the White House switchboard (3,013 calls), FBI National Calling Hotline Center (NTOC) (221 calls), the Salt Lake City branch office of the FBI (949 calls), and the Billings branch office of the FBI (91 calls).

The Government's response states that the superseding indictment "informs Rogers of the elements, timeframe, the location, and the means utilized to commit the crime." (Response p. 5).  While the indictment may in fact inform Mr. Rogers of such information, it fails to inform him of the element of who is the alleged victim or who was the person solely harassed.

While it "appears" that the FBI National Calling Hotline Center (NTOC) is the victim in Count III based upon Government discovery of approximately 150 recorded calls provided to Mr. Rogers, there are certainly other Government entities where Mr. Rogers is alleged to have made **more** calls than to NTOC.  These entities include Governor Gianforte's office, the White House switchboard, and the FBI's Salt Lake City branch office.  Mr. Rogers argues that the current situation requires a bill of particulars to be ordered.

In addition, the Government opines in its Response, "For example, if [the Bill of Particulars is] issued, any variations from a

witness on the stand may lead to a complaint that the government has strayed from the disclosures made in the bill." This response is unacceptable. If the victim in Count III is in fact NTOC, then the Government has a duty to admonish its witnesses ***not*** to mention calls to other entities by Mr. Rogers. Any mention of these calls to other Government entities would allow the Government to enter into evidence potential 404(b) evidence. Thus far, the Government has not filed a 404(b) motion to bring into evidence these additional calls.

Further, mention of these other calls would certainly confuse the jury and create a potentially defective duplicitous charge. This in turn could create another issue of whether the jury was unanimous in convicting Mr. Rogers of Count III and would require a unanimity instruction to the jury.

"In determining of a bill of particulars should be ordered . . . , a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long,* 706 F.2d 1044, 1054 (9th Cir. 1983). *See also United States v. Hsuan Bin Chen,* No. CR 09-110 SI, 2011 U.S. Dist. LEXIS 8455, at *4 (N.D. Cal. Jan. 29, 2011) ("A bill of particulars, unlike discovery, is not intended

to provide the defendant with the fruits of the government's investigation. Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation.") (emphasis in original) (quoted from Rogers Motion p. 3.). Mr. Rogers' requests are very straightforward. Who is the alleged victim in Count III and is it a person as the statute contemplates or a non-person entity which belies the language of the statute?

Additionally, the Government's response fails to answer whether it will adhere to the statutory language of the statute in question. The specific portion of the statute in question concerns the statement: "solely to harass a person." If the victim is actually NTOC, then who is the **person** within that entity being solely harassed? Mr. Rogers cannot prepare adequately for proper cross examination if the Government suddenly produces actual people employed at NTOC during the scope of Count III. Mr. Rogers is fully aware that the Government knows its discovery obligations and does not question this notion. Nevertheless, in an abundance of caution and to ensure that there is no surprise or confusion, Mr. Rogers seeks this information rather than leave the issue unanswered.

In summary, Mr. Rogers does not request this information to know "all the evidence the government intends to produce" but rather to be adequately prepared for jury trial.  In addition, Mr. Rogers is not requesting to know "the content of the testimony of each of the government witnesses before trial" but is in fact requesting to know who the witness(es) are in Count III and whether the witness(es) are actual people as the statute contemplates or entities.

Therefore, Mr. Rogers respectfully proffers that Count III as written is vague with regard to the issues raised in his bill and reply.

RESPECTFULLY SUBMITTED this 7th day of June, 2024.

/s/ Evangelo Arvanetes
EVANGELO ARVANETES
Federal Defenders of Montana
          Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on June 7, 2024, a copy of the foregoing document was served on the following persons by the following means:

1, 2    CM-EDF
___    Hand Delivery
_3_    Mail
___    Overnight Delivery Service
___    Fax
___    E-Mail

1.    CLERK, UNITED STATES DISTRICT COURT

2.    JEFFREY K. STARNES
Assistant United States Attorney
United States Attorney's Office
P.O. Box 3447
Great Falls, MT  59401
     Counsel for the United States

3.    RICHARD LEE ROGERS
     Defendant

/s/ Evangelo Arvanetes
EVANGELO ARVANETES
Federal Defenders of Montana
     Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 12.1(e). The Brief's line spacing is double spaced. The brief is proportionately spaced, the body of the argument has a Times New Roman typeface, 14 point size and contains 1,205 words, excluding tables and certificates.

DATED this 7th day of June, 2024.

/s/ Evangelo Arvanetes
EVANGELO ARVANETES
Federal Defenders of Montana
    Counsel for Defendant