**JEFFREY K. STARNES**
**THOMAS K. GODFREY**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT 59403**
**119 First Ave. N., Suite 300**
**Great Falls, MT 59401**
**Phone:  (406) 761-7715**
**FAX:  (406) 453-9973**
**E-mail:  Jeff.Starnes@usdoj.gov**
             **Thomas.Godfrey@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**RICHARD LEE ROGERS,**<br><br>Defendant. | **CR 23-112-BLG-SPW**<br><br>**RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT 3 OF THE SUPERSEDING INDICTMENT (Docs. 76-77)** |

## INTRODUCTION

Rogers seeks the pretrial dismissal of Count 3 of the indictment, which charges him with making harassing phone calls to the FBI's National Threat Operation Center ("NTOC"), in violation of 47 U.S.C. § 223(a)(1)(E).  (Docs. 76-

1

77).  He asserts that, as applied to him, Count 3 impermissibly curtails his political speech in violation of his First Amendment rights.  Rogers' argument rests largely on the same analysis rejected by this Court when Rogers sought dismissal of Count 2 in this case.  *See* (Docs. 32, 40).  Because Count 3 of the indictment targets conduct, not speech, it does not offend the First Amendment.  Thus, for the same reasons this Court rejected Rogers' First Amendment challenge to Count 2, this Court should similarly reject his First Amendment challenge to Count 3.

## BACKGROUND

Defendant Rogers is charged by superseding indictment with three criminal offenses:  one count of threatening to assault and murder the Speaker of the United States House of Representatives, in violation of 18 U.S.C. §§ 115(a)(1)(B) and two counts of making harassing telephone calls in violation of 47 U.S.C. § 223(a)(1)(E).  (Doc. 43).  Count 2 alleges Rogers made harassing phone calls to the Speaker's Office in February 2023 and Count 3 alleges Rogers made repeated harassing phone calls to the FBI's NTOC between December 2021 and October 2022.  (*Id.*).  Counts 1 and 2 were charged in the original indictment, which was filed on September 21, 2023.  *See* (Doc. 2).  Count 3 was added by the superseding indictment filed on May 1, 2024.  *See* (Doc. 43).

Prior to the filing of the superseding indictment, Rogers sought dismissal of Counts 1 and 2 in the original indictment, arguing that, as applied to him, the

charges violated his First Amendment Rights as an impermissible restriction on his political speech.  *See* (Docs. 31-32).  In a written order, dated April 29, 2024, the Court denied Rogers' motion.  *See* (Doc. 40).

Rejecting Rogers' First Amendment challenge to Count 1, threating to injure the Speaker, the Court found that "true threats" are generally not entitled to First Amendment protection, (Doc. 40) at 6, and whether a statement is a true threat or protected political speech is a question to be resolved by the trier of fact.  *See* (*id*.) at 8.

With respect to Count 2, placing harassing phones to the Speaker's Office, the Court correctly concluded that 47 U.S.C. § 223(a)(1)(E) properly regulates <u>conduct</u>, not <u>speech</u>.  *See* (Doc. 43) at 11.  The Court thus concluded that Rogers' intent in placing the calls to the Speaker's office is a question for the jury.  (*Id.*).  In reaching its conclusion, the Court specifically adopted the Ninth Circuit's analysis in *United States v. Waggy*, 936 F.3d 1014, 1017 (9th Cir. 2019), which, in turn, relied upon a Third Circuit decision in *United States v. Lampley*, 573 F.2d 783, 787 (3d Cir. 1978) to hold that 47 U.S.C. § 223(a)(1)(E) constitutionally criminalizes conduct, namely the placement of interstate telephone calls to harass, abuse, or annoy.  (Doc. 40) at 9.  In reaching its conclusion, this Court expressly declined Rogers' invitation to follow *United v. Popa*, 187 F.3d 672, 673 (D.C. Cir. 1999), because "*Waggy* rejected *Popa's* analysis as 'against the great weight of authority,'

3

including that in the Ninth Circuit. (Doc. 40) at 11 (citing *Waggy*, 936 F.3d at 1018-19, 1019 n.5).

## LAW AND ARGUMENT

Speech that is intended purely to harass, annoy, provoke fear, or insight violence has long been recognized as unprotected by the First Amendment. *See, e.g. Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 571–72 (1942) ("limited classes of speech, including lewd, obscene, profane, libelous and insulting or 'fighting words' are of such slight social value that benefit derived from them is clearly outweighed by the social interest in order and morality"); *Cantwell v. Connecticut,* 310 U.S. 296, 309-10 (1940) ("Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution, and its punishment as a criminal act would raise no question under that instrument"). Here, the indictment charges Rogers with engaging in harassing behavior through the phone. That conduct is clearly unprotected by the First Amendment. Accordingly, Rogers' motion to dismiss should be denied.

## SUMMARY OF THE RELEVANT FACTS

In its Order denying Rogers' motion to dismiss Counts 1 and 2 of the indictment, the Court accurately summarized the facts pertaining to those offenses. *See* (Doc. 33), (Doc. 40) at 2-3. Those facts have not changed, and the United States will rely upon them here.

With respect to the conduct charged in Count 3, between December 2021 and October 2022, Rogers placed at least 150 calls the FBI's NTOC public tip line.[1] In some of the calls, Rogers uses language and rhetoric that, both by itself and when combined with the frequency of the calls, crossed the line between protected speech and harassing conduct. Some of the calls have been previously summarized by the United States in prior filings with the Court.[2] That summary is reproduced here to give the Court a sample of some of the 150 calls that are the subject of Count 3, recognizing that, when ruling on a pretrial motion to dismiss, the Court is limited to the face of the indictment and must presume the truth of the allegations in the charging instrument. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996):

May 15, 2022

- **File Name: 9wwjlx3r.  Duration: 1 minute, 57 seconds. Time: 8:41am**
  **Summary**: Rogers identifies himself and demands to know why nothing has been done about the President who shared a bank account with "his fucking son and stole money from the United States, taking money from China, the Ukraine…fuck your authority I'll make my own…" The call is terminated shortly after.

- **File Name: 3oo7lg5r. Duration: 44 seconds. Time: 8:48 am**
  **Summary**: Rogers states in response to a question to identify himself, "I want to know something from you, why haven't you arrested the treasonous son of bitch who is pretending to be the President? Fuck that dude…How about those treasonous piece of shit FBI agents outside

---

[1] Rogers' phone records show Rogers placed approximately 200 calls to the NTOC in this time frame but NTOC only located 150 recorded calls attributed to Rogers which have been provided to the Court for review.  *Compare* (Doc. 81) *with* (Doc. 80).
[2] *See, e.g.* (Doc. 20) at 4-8.

January 6th inciting violence? Have you arrested them yet?" He then identifies himself by saying, "I am Richard Rogers, I am not hiding from you, fuck your authority." The call is then terminated.

July 9, 2022

- **File Name: xlmp9zpr. Duration: 1 minute. Time: 8:42 am**
  **Summary:** Rogers becomes agitated by answering biographical details and tells the NTOC operator to "terminate the fucking call bitch, I don't give a f—" and the call is terminated before he can complete his statement.

August 20, 2022

- **File Name: 73wd22jr. Duration: 42 seconds. Time: 8:40 am**
  **Summary:** Rogers begins the call by telling the operator the FBI is "a tyrannical arm of a tyrannical government" and to "go fuck yourself, do you feel me?" He then becomes confrontational with the operator until the call is terminated.

- **File Name: 8wvk2opr. Duration: 9 seconds. Time: 8:49 am**
  **Summary**: The operator states "Thank you for calling the FBI, may I have your first and last name?" Rogers responds, "I think you mean tyranny at its finest—." The call is terminated.

- **File Name: 6d3x9g7r. Duration: 1 minute, 23 seconds. Time: 9:33 am Summary:** Rogers informs the operator that a local Sheriff's deputy just spoke with him and told him he could call the FBI as often as he wants, and nonviolent civil disobedience was his right. The call was eventually terminated.

August 25, 2022

- **File name: 3ogwpyvr. Duration: 22 seconds. Time: 7:54 am**
  **Summary:** Rogers is asked to spell his name, he spells out "defund the FBI" and then tells the operator to "defund the motherfucking FBI" before the call is terminated.

August 28, 2022

- **File name: d5kwomlr. Duration: 30 seconds. Time: 8:47 am**
  **Summary**: Rogers quickly becomes agitated, calls the operator a "bitch," and when told the call will be terminated because the operator will not be spoken to that way, Rogers responds by stating "I don't give a fuck how you will be spoken to—" and the call is terminated.

August 31, 2022

- **File name: vl2we1pr. Duration: 29 seconds. Time: 8:49 am**
  **Summary**: Rogers gives his name as "Timothy Tibault," then tells the operator, "listen, my name is none of your goddam business, do your fucking job….I don't give a fuck how you appreciate it, guess what, fuck yourself—" before the call is terminated.

September 4, 2022

- **File name: mpyl6yyr. Duration: 22 seconds. Time: 7:15 am**
  **Summary:** Rogers identifies the spelling of his name as "pedo-Hitler" and askes "when are you going to prosecute that son of a bitch…" The call is quickly terminated.

September 10, 2022

- **File name: 2dmzwemr. Duration: 40 seconds. Time: 8:12 am**
  **Summary:** Rogers becomes agitated, and, upon being old the call will be terminated, he tells the operator "you can shit on your badge and it will be worth more because there would be fertilizer on it…go fuck yourself, I don't give a fuck what you do—" before the call is terminated.

- **File name: 5x5z57jr. Duration: 32 seconds. Time: 8:50 am**
  **Summary:** When asked for his birthdate, Rogers states "you know my birthdate. There's a big fucking file on me bitch. You feel that?" The call is then terminated.

- **File name: 3ogzgz5r. Duration: 38 seconds. Time: 9:20 am**
  **Summary:** Rogers begins the call in an agitated voice, and when asked if he has anything to report, he states, "the FBI agent badge would be worth more if shit on it because then it had fucking—" The call is then terminated.

September 11, 2022

- **File name: pxyol7zr. Duration: 15 seconds. Time: 7:53 am**
  **Summary:** The Operator answers by referencing a call to the FBI, and Rogers corrects the operator by stating "You mean thank you for calling the fascist long arm of the law, working for the tyrannical government, go fuck yourself, I don't want to give you my name." The call is then terminated.

September 18, 2022

- **File name: 5x593lkr. Duration: 22 seconds. Time: 8:22 am**
  **Summary:** Rogers begins the call by making somewhat illegible statements about Ron DeSantis and Greg Abbott. When asked for his name, he responds by stating "Go fuck yourself. Don't ask me questions I am asking you questions. Fuck you." The call is then terminated.

September 22, 2022

- **File name: vl2e17zr. Duration: 41 seconds Time: 7:57 am.**
  **Summary:** After identifying himself, Rogers starts to yell about "pedo-Hitler" and begins to rant. When told by the operator not to speak to her that way, Rogers responds with "fuck you bitch, suck my dick—" as the call is then terminated.

## LAW AND ARGUMENT

When considering a pretrial motion to dismiss, the Court is limited to the face of the indictment and must presume the truth of the allegations in the charging

8

instrument. (Doc. 40) at 3 (citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). The Court cannot consider evidence not appearing on the face of the indictment. (Doc. 40) at 3 (citing *Jensen,* 93 F.3d at 669). "'[I]f the pretrial motion raises factual questions associated with the validity of the defense, the district court cannot make those determinations.'" (Doc. 40) at 4 (quoting *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010); *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1985)). Additionally, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." (Doc. 40) at 4 (quoting *Jensen*, 93 F.3d at 669.

Rogers raises an as-applied First Amendment challenge to Count 3. *See* (Doc. 77) at 3 ("The argument made in the present memorandum is that Count [3] (47 U.S.C. § 223(a)(1)(E)), as applied to Mr. Rogers, violates his First Amendment right…."). An as-applied challenge contends that the law is unconstitutional as applied to the litigant's particular speech activity, even though the law may be capable of valid application to others. *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). As-applied challenges are the most common type of challenges to restrictions on speech activity and may be coupled with facial challenges. *See N.A.A.C.P. v. City of Richmond,* 743 F.2d 1346, 1352 (9th Cir. 1984). A successful

as-applied challenge does not render the law itself invalid but only the particular application of the law. *City of Menlo Park*, 146 F.3d at 635.

### 1. Rogers' harassing conduct as alleged in Count 3 is unprotected by the First Amendment.

Because 47 U.S.C. § 223(a)(1)(E) criminalizes speech, it "must be interpreted with the commands of the First Amendment clearly in mind." *Watts v. United States*, 394 U.S. 705, 707 (1969) (per curiam). "The protections afforded by the First Amendment, however, are not absolute." *Virginia v. Black*, 538 U.S. 538, 358 (2003). *See Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 571–72 (1942). "Congress had a compelling interest in the protection of innocent individuals from fear, abuse or annoyance at the hands of persons who employ the telephone, not to communicate, but for other unjustifiable motives." *United States v. Lampley*, 573 F.2d 783, 787 (3d Cir. 1978) (citing *United States v. Darsey*, 342 F.Supp. 311 (E.D.Pa.1972)). *See* H.R. No. 1109, Interstate and Foreign Commerce Committee, U.S. Code Cong. And Admin. News, p. 1915 (1968).

Furthermore, Courts have long recognized that regulation of limited classes of speech, including lewd, obscene, profane, libelous, and insulting or "fighting words"—those which by their very utterance inflict injury or tend to incite an immediate breach of the peace—are of such slight social value that any benefit derived from them is clearly outweighed by the social interest in order and morality.

*Chaplinsky,* 315 U.S. at 571–72. "Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution, and its punishment as a criminal act would raise no question under that instrument." *Cantwell v. Connecticut*, 310 U.S. 296, 309-10 (1940).

In the present case, Count 3 alleges, in relevant part, that Rogers, "in interstate and foreign communications, knowingly made repeated interstate telephone calls and repeatedly initiated communication with a telecommunications device, during which conversation and communication ensued, solely to harass a person at the called number and the person who received the communication, in violation of 47 U.S.C. § 223(a)(1)(E)." (Doc. 43). In that respect, it targets the same manner of misconduct as Count 2, which this Court has already expressly held targets conduct, not speech and is thus not protected by the First Amendment. (Doc. 40) at 11. For the same reasons, Rogers' motion seeking the dismissal of Count 3 on First Amendment grounds must fail.

In *United States v. Lampley*, the Third Circuit addressed a constitutional challenge to a provision of § 223 in existence at that time, which criminalized nearly identical misconduct with the telephone. The statute at issue in that case penalized "Whoever (1)…in interstate or foreign communications by means of telephone…(D) makes repeated telephone calls, during which conversation ensues, solely to harass any person at the called number." *Lampley,* 573 F.2d at 785, n.2

11

(citing 47 U.S.C. § 223(1)(D)). That court correctly noted that it is not "beyond the power of the Congress to impose criminal sanctions on the placement of interstate telephone calls to harass, abuse or annoy. *Lampley*, 573 F.2d at 787. In dismissing the appellant's claim, the *Lampley* court correctly found that the statute "requires that punishable conduct be made with the intent 'solely to harass any person at the called number.' Whether or not the actual conversation contains harassing language may be relevant to the question of intent. However, the nature of the conversation can have no bearing on the constitutionality of the section since its narrow intent requirement precludes the proscription of mere communication." *Id.*

In its Order denying Rogers' motion to dismiss Counts 1 and 2, this Court analyzed the constitutionality of 47 U.S.C. § 223(a)(1)(E) as charged in Count 2. (Doc. 40) at 9-11. That analysis applies with equal force here.

Of particular note, this Court previously upheld the constitutionality of 47 U.S.C. § 223(a)(1)(E) after adopting the logic of *United States v. Waggy,* 936 F.3d 1014 (9th Cir. 2019), because "*Waggy* is the closest the Ninth Circuit has come to ruling on the constitutionality of § 223(a)(l)(E)." (Doc. 40) at 11. Moreover, this Court stated that "since *Waggy* approvingly cites *Lampley*, the Court also finds *Lampley* persuasive." (*Id.*). Because Rogers challenge to Count 3 is identical to the challenge he previously raised to Count 2, there is no reason for the Court to change its analysis here.

12

Like Count 2, Count 3 clearly charges Rogers with making repeated calls solely to harass. *See* (Doc. 43). Thus, the charge targets Rogers' conduct, not his speech. While it is necessary to the allege that conversation ensued during those calls, and thus the statute touches on speech, the content of the conversation has no bearing on the constitutionality of the statute at issue. *Lampley*, 573 F.2d at 787 ("Though the nature of the ensuing conversation and whether it contains harassing language can be relevant to the question of intent, it also 'can have no bearing on the constitutionality of the section since its narrow requirement precludes the proscription of mere communication.'"); *see also* Karl Oakes, 86 *Corpus Juris Secundum*, § 180 (March 2024) ("Harassing language in the ensuing conversation is not required" under § 223(a)(1)(E)).

Following the logic above, this Court rejected Rogers' prior challenge to Count 2 in this case, holding:

> [U]nder *Lampley* and *Waggy*, whether Rogers is guilty of the charged offense depends on whether he placed the calls on February 3, 2023, with the sole intent to harass the person at the called number, not whether the content of the calls was harassing. The charge against him regulates his conduct, not his speech, and is not protected by the First Amendment. Rogers's intent in placing the calls is a question for the jury, and dismissal by the Court at this stage is inappropriate.

(Doc. 40) at 11. Following that same logic, as dictated by *Lampley* and *Waggy*, whether Rogers is guilty of the offense charged in Count 3 depends upon whether

he placed the repeated calls between December 2021 and October 2022 with the sole intent to harass the person at the called number, not whether the content of the calls is harassing.³ Just like Count 2, Count 3 likewise regulates Rogers' conduct, not his speech. It is thus unprotected by the First Amendment and dismissal of that charge at this stage is inappropriate. *Accord.* (Doc. 40) at 11.

## CONCLUSION

For the same reasons this Court rejected Rogers' First Amendment challenge to Count 2, this Court should likewise reject his motion to dismiss Count 3 of the superseding indictment. Accordingly, the defense motion to dismiss Count 3 should be denied.

DATED this 26th day of August 2024.

JESSE A. LASLOVICH
United States Attorney


/s/ *Jeffrey K. Starnes*
JEFFREY K. STARNES
Assistant U.S. Attorney

/s/ *Thomas K. Godfrey*
THOMAS K. GODFREY
Assistant U.S. Attorney

---

³ The United States notes that while the nature of the ensuing conversation has no bearing on the issue of the statute's constitutionality, "the nature of the ensuing conversation and whether it contains harassing language can be relevant to the question of intent[.]" *Lampley*, 573 F.2d at 787. The content of the calls at issue in this case are thus relevant evidence to be introduced at trial on the question of Rogers intent in placing the calls.

## CERTIFICATE OF COMPLIANCE

I certify that the Response of the United States to Defendant's Motion to Dismiss Count 3 of the Superseding Indictment is in compliance with L. R. 7.1(d)(2) and CR 12.1.  The brief's line spacing is double spaced, with a 14-point font size and contains less than 6,500 words.  (Total number of words: 3,288, excluding tables and certificates).

DATED this 26th day of August 2024.

                                      JESSE A. LASLOVICH
                                      United States Attorney

                                      /s/ *Jeffrey K. Starnes*
                                      JEFFREY K. STARNES
                                      Assistant U.S. Attorney

                                      /s/ *Thomas K. Godfrey*
                                      THOMAS K. GODFREY
                                      Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, a copy of the foregoing document was served on the following persons by the following means:

```
 1-3  CM-ECF
_____ Hand Delivery
_____ Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-Mail
```

1. CLERK, UNITED STATES DISTRICT COURT

2. Evangelo Arvanetes
   Assistant Federal Defender
   Federal Defenders of Montana
   Counsel for the Defendant

3. Edward Werner
   Assistant Federal Defender
   Federal Defenders of Montana
   Counsel for the Defendant