IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>RICHARD LEE ROGERS,<br><br>Defendant/Movant. | Cause No. CR 23-112-BLG-SPW<br><br>ORDER |

This matter is before the Court on a motion to vacate under 28 U.S.C. § 2255 recently received from Defendant Richard Lee Rogers ("Rogers"). (Doc. 144.) As explained herein, the motion will be dismissed without prejudice.

**Background**

Following a three-day jury trial held before this Court on September 30, 2024, to October 2, 2024, Rogers was found guilty of Threats to Injure a Member of the United States Congress (Count 1), and of Harassing Telephone Calls (Counts 2 & 3). On February 26, 2025, Rogers was sentenced to 4 years of probation on Count 1, and 1-year of probation on Counts 2 &3, with the sentences to run concurrently. *See e.g.*, Judg. (Doc. 140.) Through counsel, Rogers timely filed a Notice of Appeal. (Doc. 142.)

In his § 2255 motion, Rogers alleges trial counsel provided ineffective

1

assistance of counsel, *see* (Doc. 144 at 4-5, 15-17), that his Fifth Amendment rights were violated in contravention of *Miranda v. Arizona*, 384 U.S. 436 (1966), (*id.* at 6), that he was prevented from calling certain witnesses in violation of the Sixth Amendment, (*id.* at 8), and that he was denied his right to dismiss appointed counsel. (*Id.* at 9-10.)

Given that the briefing schedule was recently set by the Ninth Circuit Court of Appeals in Rogers' direct appeal and that his opening brief is not due until May 22, 2025, it is unclear what claims Rogers will present on appeal.

**Analysis**

Collateral proceedings are generally not permitted while a direct appeal is pending. "Generally, the noting of such an appeal severely restricts the filing of a collateral claim with the District Court, to avoid any anomaly associated with the simultaneous consideration of the same case by two courts." *United States v. Taylor*, 648 F. 2d 565, 572 (9th Cir. 1981)(citations omitted). Instead, "[t]he usual practice is to make a collateral assertion of error subsequent to the date of decision in the direct appeal. When this path is followed the risk of duplicitous and conflicting judicial administration is minimized, inasmuch as the disposition of the direct appeal may render the motion moot." *Taylor*, 648 F. 2d at 572; *see also Black v. United Staes,* 269 F. 2d 38, 41 (9th Cir. 1959)("[A] section 2255 motion to vacate sentence…may not be entertained if there is a pending appeal in good

2

standing, since disposition of the appeal may render the motion unnecessary.").

While this is a "rule of forbearance" and not necessarily a jurisdictional bar, *see e.g., United States v. LaFromboise*, 427 F. 3d 680, 686 n.9 (9th Cir. 2005), the district court is to entertain a collateral review motion during the pendency of a direct appeal only when "extraordinary circumstances" outweigh considerations of administrative convenience and judicial economy. *Taylor*, 648 F. 2d at 572 (*citing Jack v. United States,* 435 F. 2d 317, 318 (9th Cir. 1970)(per curiam).

In the instant matter, there are no extraordinary circumstances that would require the Court to deviate from the typical policy of forbearance and entertain Rogers' § 2255 motion while his direct appeal is pending. Additionally, some of the very issues identified by Rogers in his § 2255 motion may be addressed by the Circuit on direct appeal. Judicial economy instructs this Court to stay its hand. Accordingly, Rogers' premature § 2255 motion will not be heard while his direct appeal is pending.

Rogers' motion will be dismissed without prejudice as his direct appellate review has not yet been completed. *See e.g., LaFromboise*, 427 U.S. at 686. Rogers may return to this Court, if appropriate, at the conclusion of his direct appeal.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

3

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. Rogers has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253( c)(2). Accordingly, a certificate of appealability will be denied.

Accordingly, IT IS HEREBY ORDERED:

1. Rogers' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 144) is DISMISSED without prejudice. Rogers may refile a § 2255 following the conclusion of his direct appeal.

2. A certificate of appealability is DENIED.

3. The Clerk of Court shall close the corresponding civil file of CV 25-31-BLG-SPW by entering a judgment of dismissal.

DATED this 11th day of March, 2025.

SUSAN P. WATTERS
United States District Judge